IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CR-33-D
No. 4:16-CV-146-D

| | |
|---|---|
| JOEL DEVON WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 24, 2016, Joel Devon Williams ("Williams") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 54-month sentence [D.E. 69]. On November 14, 2016, the government moved to dismiss Williams's motion [D.E. 74] and filed a supporting memorandum [D.E. 75]. On November 30, 2016, Williams responded in opposition [D.E. 77]. As explained below, the court grants the government's motion to dismiss and dismisses Williams's section 2255 motion.

I.

On October 28, 2013, pursuant to a plea agreement, Williams pleaded guilty to (1) possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count three); and (2) distribution of a quantity of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (count seven). See [D.E. 1, 43]; Presentence Investigation Report ("PSR") [D.E. 53] ¶¶ 1–13. Before sentencing, the United States Probation Office ("Probation") prepared a PSR. In the PSR, Probation concluded that Williams's base offense level was 22 under U.S.S.G. § 2K2.1(a)(3) because Williams had one felony conviction for a crime of violence. See PSR ¶ 52. The

PSR stated that Williams had a total offense level of 25, a criminal history category VI, and an advisory guideline range on count seven of 110 to 137 months' imprisonment. See id. ¶ 64. Williams's advisory guideline range on count three was capped at 120 months' imprisonment. Williams did not object to the PSR or to the advisory guideline range. See PSR Addendum; Sentencing Tr. [D.E. 62] 5.

On December 4, 2007, at Williams's sentencing hearing, the court adopted the facts set forth in the PSR. See Sentencing Tr. at 5; Fed. R. Crim. P. 32(i)(3)(A). After granting the government's motion under U.S.S.G. § 5K1.1 and considering the entire record, arguments of counsel, and the section 3553(a) factors, this court sentenced Williams to 72 months' imprisonment per count to run concurrently. See Sentencing Tr. at 13–20. Williams did not appeal. On January 16, 2015, this court reduced Williams's sentence to 54 months' imprisonment. See [D.E. 67].

In Williams's section 2255 motion, Williams alleges that under Johnson v. United States, 135 S. Ct. 2551 (2015), the court miscalculated his base offense level under U.S.S.G. § 2K2.1(a)(3) because he now lacks a felony conviction for a crime of violence under the Guidelines. See [D.E. 69] 4–9. The government disagrees and has moved to dismiss Williams's motion for failure to state a claim upon which relief can be granted. See [D.E. 74, 75].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court

2

"need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Williams's plea agreement contains an appellate waiver. See Plea Ag. [D.E. 43] ¶ 2(c). In the waiver, Williams agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of the Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Williams's Johnson claim falls within the appellate waiver, which bars the claim.

Alternatively, Johnson does not help Williams. First, Johnson does not apply retroactively to permit collateral claims challenging sentences under the then-existing residual clause in U.S.S.G. § 4B1.2(a)(2). See Beckles v. United States, 137 S. Ct. 886, 891–92 (2017); United States v. Mack, No. 15-4684, 2017 WL 1544953, at * 3 (4th Cir. May 1, 2017); United States v. Lee, No. 15-6099, 2017 WL 1476145 at *2 (4th Cir. Apr. 25, 2017). Second, and in any event, Williams's conviction for conspiracy to commit robbery with a dangerous weapon remains a crime of violence under the Guidelines even after Johnson. See United States v. Riley, No. 15-4317, 2017 WL 1854301, at *2–3 (4th Cir. May 9, 2017); Mack, 2017 WL 1544953, at * 3; Paris v. United States, 191 F. Supp. 3d 559, 561 (E.D. Va. 2016). Thus, Johnson does not help Williams, and his claim fails.

After reviewing the claim presented in Williams's motion, the court finds that reasonable jurists would not find the court's treatment of Williams's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 74], DISMISSES Williams's section 2255 motion [D.E. 69], and DENIES a certificate of appealability.

SO ORDERED. This _11_ day of May 2017.

JAMES C. DEVER III  
Chief United States District Judge

4